UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN PIANKO, PAUL BOUDREAU, ALAN CAINE, THOMAS LUCHKA, WILLIAM DELANEY, ARTHUR BLATCHFORD, ANGELO MICELI, JULIEN VERHOEST, JOSEPH BECOTTE, WAYNE ROACHE, ROBERT DIMOCK, EDWIN PECKHAM, JOHN FLORENCE, Plaintiffs, | |
| v. | 3:09-cv-1053 (WWE) |
| GENERAL ELECTRIC COMPANY; BUFFALO PUMPS, INC.; CBS CORPORATION, a Delaware corporation f/k/a VIACOM INC., successor-by-merger with CBS CORPORATION, a Pennsylvania Corporation f/k/a WESTINGHOUSE ELECTRIC CORPORATION, Defendants. | |

## RULING ON PLAINTIFFS' MOTION TO REMAND

Plaintiffs John Pianko, Paul Boudreau, Alan Caine, Thomas Luchka, William Delaney, Arthur Blatchford, Angelo Miceli, Julien Verhoest, Joseph Becotte, Wayne Roache, Robert Dimock, Edwin Peckham and John Florence filed this action in Connecticut Superior Court.  Defendant Buffalo Bumps, Inc. subsequently removed it to this Court on the basis of a federal officer defense pursuant to 28 U.S.C. § 1442(a)(1). Now pending before the Court is plaintiffs' motion to remand this proceeding back to state court (Doc. #29).

## BACKGROUND

On June 1, 2009, plaintiffs filed suit against defendants alleging that they were exposed to asbestos-containing products while employed by General Dynamics/Electric

1

Boat Division in Groton Connecticut.  During their employment, plaintiffs allege that they were exposed to asbestos and asbestos-containing products manufactured, distributed and sold by defendants and that such exposure led plaintiffs to develop asbestos-related mesothelioma and other asbestos-related diseases.  Plaintiffs further allege that defendants produced and delivered the relevant materials and supplies containing asbestos.  Plaintiffs Pianko and Roache also allege exposure while serving in the Navy.

Defendant Buffalo Pumps filed a timely notice of removal, in which defendants General Electric Co. and CBS Corporation later joined.  They premised the removal on their argument that, during the relevant time frame, they acted pursuant to United States Navy instructions and specifications concerning the asbestos-containing products.  Therefore, the Court should maintain jurisdiction pursuant to the federal officer defense codified at 28 U.S.C. § 1442.

## DISCUSSION

A party may remove a case from state court to federal court only if the action is one over which the federal court has jurisdiction.  28 U.S.C. § 1441(a).  In order to demonstrate that removal is proper, the movant bears the burden of showing the existence of federal jurisdiction.  Actions brought against federal officers in state court may be removed if the defense depends on federal law.  Jefferson County v. Acker, 527 U.S. 423, 431 (1999).  Further, under 28 U.S.C. § 1442(a)(1), a person acting under the authority of an officer of the United States may remove a case filed in state court.  The right to removal is absolute for any act brought "under color" of the federal officer.  See Willingham v. Morgan, 395 U.S. 402, 406 (1969).

To remove on the basis of the federal officer defense, defendants must

(1) establish that they are "persons" under the law who acted under the authority of a federal officer; (2) show that they performed the actions for which they are being sued under color of federal office; and (3) raise a colorable federal defense.  Isaacson v. Dow Chem. Co., 517 F.3d 129, 134 (2d Cir. 2008); see also Jefferson County, 527 U.S. at 431.  The federal officer removal statute is construed broadly and "should not be frustrated by a narrow, grudging interpretation."  Arizona v. Manypenny, 451 U.S. 232, 242 (1981).  Defendants need not show that they will prevail in federal court but only that section 1442(a)(1) is applicable to the instant matter.  Willingham, 395 U.S. at 407.

The Court has ruled in several similar cases that the federal officer defense is appropriate based on the instant facts.  See Wight v. GE, 2009 U.S. Dist. LEXIS 83411 (D. Conn. Aug. 27, 2009); Allen v. GE, 2009 U.S. Dist. LEXIS 76593 (D. Conn. Aug. 27, 2009); Kotecki v. Buffalo Pumps, Inc., 2009 U.S. Dist. LEXIS 65170 (D. Conn. July 28, 2009); Murphy v. GE, 2009 U.S. Dist. LEXIS 60177 (D. Conn. July 15, 2009); Allen v. CBS Corp., 2008 U.S. Dist. LEXIS 111822 (D. Conn. Dec. 1, 2008); Carroll v. Buffalo Pumps, Inc., 2008 U.S. Dist. LEXIS 86715 (D. Conn. Oct. 27, 2008); Dematties v. ACMAT Corp., 2008 U.S. Dist. LEXIS 86717 (D. Conn. Oct. 27, 2008); Oliver v. Buffalo Pumps, Inc., 2008 U.S. Dist. LEXIS 84174 (D. Conn. Oct. 21, 2008); Despres v. Ampco-Pittsburgh Corp., 2008 U.S. Dist. LEXIS 72498 (D. Conn. Sept. 22, 2008), Contois v. Able Indus. Inc., 523 F. Supp. 2d 155 (D. Conn. 2007); Machnik v. Buffalo Pumps, Inc., 506 F. Supp. 2d 99 (D.  Conn. 2007); but see Viscosi v. American Optical Corp., 2008 U.S. Dist. LEXIS 74875 (D. Conn. Sept. 29, 2008) (granting remand because removal was untimely); Pantalone v. Aurora Pump Co., 576 F. Supp. 2d 325 (D. Conn. 2008) (same); Fortier v. AMPCO-Pittsburgh Corp., 2007 U.S. Dist. LEXIS

16108 (D. Conn. Mar. 5, 2007) (granting remand on merits).

Plaintiffs argue that the cases denying remand are all distinguishable because in those actions, the respective plaintiffs were in the United States Navy, while in this case, plaintiffs were privately employed.  Whether defendants can assert the federal officer defense turns on the identities and actions of the defendants, not the identities of the plaintiffs.  Further, plaintiffs' assertion is wrong; several of the Court's previous decisions involved privately employed plaintiffs.  See Allen v. GE, 2009 U.S. Dist. LEXIS 76593 at *5 n.2; see also Kotecki, 2009 U.S. Dist. LEXIS 65170 at *1 (noting that plaintiff was employed at Electric Boat); Murphy, 2009 U.S. Dist. LEXIS 60177 at *1 (same).

With the one exception of their employer, plaintiffs do not point to any differences in the facts of this case to the other cases to warrant different treatment than the other cases in which plaintiffs were employed by the Navy.  The affidavits offered by defendants indicate no significant difference between this case and the others where the Court exercised jurisdiction.  The Court finds that defendants can assert a colorable federal officer defense and for the reasons stated in Carroll, among other cases, the Court will deny plaintiffs' motion to remand.  This case will remain in federal court.

## CONCLUSION

For the reasons set forth above, plaintiffs' Motion for Remand (Doc. #29) is DENIED.

Dated at Bridgeport, Connecticut, this 23d day of February, 2010.

                                                  /s/
                                      Warren W. Eginton
                                      Senior United States District Judge